**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **In re: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | : : : : | **MDL No. 1871** <br> **07-md-1871** |
| **THIS DOCUMENT APPLIES TO:** | : : : | |
| *Elias Poksanf v. GSK* | : : : | **11-cv-2139** |

## MEMORANDUM OPINION

**RUFE, J.**                                                                              **November 4, 2016**

### I.      Introduction

Plaintiff Elias Poksanf filed suit alleging that he suffered heart-related injuries as a result of ingesting the diabetes drug Avandia.  Defendant GlaxoSmithKline, LLC ("GSK") has filed a motion for summary judgment, arguing that Poksanf's claims are barred by the applicable statute of limitations.

### II.      Background

Poksanf, a resident of Michigan, suffers from diabetes and was prescribed Avandia.  He received diabetes treatment in Michigan.  Poksanf alleges that he suffered from heart arrhythmia in June 2007 because of his Avandia use.[1]

Poksanf initially filed suit as part of a multi-plaintiff action in California state court on November 15, 2010.  GSK removed the case to federal court, and it was subsequently transferred to this Court for pretrial proceedings as part of the Avandia multidistrict litigation.  On March

---

[1] Compl. ¶ 50.

28, 2011, after the Court severed the claims by each plaintiff from the original complaints, Poksanf filed an individual complaint.

Poksanf's complaint asserts claims of design defect, manufacturing defect, failure to warn, breach of implied warranty, breach of express warranty, negligence, negligent misrepresentation, negligence *per se*, fraud, and unjust enrichment.[2]

GSK has filed a motion for summary judgment on all claims, contending that the applicable statute of limitations bars Poksanf's claims.[3] Poksanf opposes GSK's motion, arguing that GSK should be equitably estopped from arguing that Poksanf's claims are time-barred, because Poksanf was induced by fraud, misrepresentations, and deception which prevented him from filing the lawsuit in a timely fashion.

### III.    Standard of Review and Choice of Law

Upon motion of a party, summary judgment is appropriate if "the materials in the record" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] A fact is "material" if it could affect the outcome of the suit, given the applicable substantive law.[5] A dispute about a material fact is "genuine" if the evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party."[6]

---

[2] Compl. ¶¶ 57-128.

[3] GSK originally filed the motion for summary judgment against three plaintiffs in three separate cases; stipulations of dismissal have since been filed with the Court in the other two cases. *See Gwilliam v. GlaxoSmithKline, LLC*, Civil Action No. 11-2147; *Stone v. GlaxoSmithKline, LLC*, Civil Action No. 11-2172.

[4] Fed. R. Civ. P. 56(a), (c)(1)(A).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[6] *Id.*

Michigan law must be applied in this case because it is the place of Poksanf's treatment and injuries.[7]

## IV.    Discussion

### A.   Statute of Limitations

A statute of limitations delineates the time before which an action must be commenced in order for a plaintiff to recover.  Under the Michigan statute governing injuries to persons or property, "[t]he period of limitations is 3 years for a products liability action."[8]  In product liability cases, the Michigan product liability statute of limitations "applies irrespective of how plaintiff proceeded to seek such recovery."[9]  The statute of limitations begins to run at the time a plaintiff is injured.[10]  The Michigan Supreme Court eliminated the common-law discovery rule

---

[7] *See Faheem v. GlaxoSmithKline LLC*, No. 11-695 (*In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, MDL 1871 (Doc. No. 2522)), 2012 WL 3205620, at *2 (E.D. Pa. Aug. 7, 2012) (holding that the governing law should be the law of the state where plaintiff received medical treatment, including prescriptions for Avandia).

[8] Mich. Comp. Laws Ann. § 600.5805(13); *see Asher v. Exxon Co., U.S.A.*, 504 N.W.2d 728, 729 (Mich. Ct. App. 1993) ("It is undisputed that the period of limitation for a products liability action is three years.").

[9] *In re Mentor Corp. Obtape Transobturator Sling Prod. Liab. Litig.*, MDL No. 2004408MD2004CDL, 2016 WL 873647, at *2 (M.D. Ga. Mar. 4, 2016) (quoting *State Mut. Cyclone Ins. Co. v. O & A Elec. Co-op.*, 161 N.W.2d 573, 576 (1968)) (applying Michigan's three-year product liability statute of limitations to breach of warranty and fraud claims); *see also Roseville Plaza Ltd. P'ship v. U.S. Gypsum Co.*, 31 F.3d 397, 398 (6th Cir. 1994) (applying Michigan law and upholding dismissal of products liability action alleging negligence, misrepresentation, breach of warranty, civil conspiracy, nuisance and restitution under three-year statute of limitations); *Good v. Howmedica Osteonics Corp.*, No. 15-CV-10133, 2015 WL 8175256, at *4 (E.D. Mich. Dec. 8, 2015) (finding claims for design defect, manufacturing defect, failure to warn, negligence, gross negligence, and breach of implied warranty barred by the applicable three-year statute of limitations); *Tice v. Zimmer Holdings, Inc.*, No. 1:15-CV-134, 2015 WL 4392985, at *2 (W.D. Mich. July 15, 2015) (considering claims of strict product liability, negligence, breach of express warranty, and fraud/negligent misrepresentation as governed by products liability statute of limitations); *In re Boston Sci. Corp., Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2:12-CV-9912, 2015 WL 1405504, at *4 (S.D.W. Va. Mar. 26, 2015), *aff'd sub nom. Hay-Rewalt v. Boston Sci. Corp.*, 623 F. App'x 92 (4th Cir. 2015) (noting that, in Michigan, "[a]lthough breach of warranty claims are typically subject to a four-year statute of limitations, when such a breach is related to an underlying personal injury claim, the statute of limitations governing personal injury claims applies instead") (internal citations omitted); *Cavin v. Gen. Motors Corp.*, No. 190558, 1997 WL 33340259, at *2 n.2 (Mich. Ct. App. Nov. 4, 1997) (where plaintiff brought claims of fraudulent concealment, fraud, and tortious interference, it was "undisputed that each of the individual plaintiff's products liability claims are barred by the three-year statute of limitations").

[10] Mich. Comp. Laws Ann. § 600.5827.

used to toll statute of limitations in Michigan in July 2007,[11] and its ruling has retroactive effect.[12]

Here, all of Poksanf's claims stem from the same products liability action. Thus, the three-year products liability statute of limitations governs Poksanf's claims. According to Poksanf's complaint, his Avandia-related injuries occurred in June 2007. Therefore, under § 600.5805, the limitations period expired no later than July 2010. Yet, Poksanf's complaint was not filed until November 15, 2010. Summary judgment must therefore be entered in favor of GSK on Poksanf's claims.

B.    *Estoppel*

Poksanf's sole argument in response to GSK's motion for summary judgment is that GSK should be equitably estopped from asserting that Poksanf's claims are time-barred, because GSK's own fraud, misrepresentations, or deception caused Poksanf not to file a timely action. In Michigan, a plaintiff may invoke equitable estoppel if he establishes that: (1) the defendant's acts led him to believe that the statute of limitations clause would not be enforced, (2) he justifiably relied on this belief, and (3) he was prejudiced as a result of his reliance.[13]

Here, Poksanf has not shown that GSK's actions led him to believe that the three-year statute of limitations in this case would not be enforced. In the absence of evidence indicating that GSK knowingly led Poksanf to believe that the statute of limitations in this case would not

---

[11] *Trentadue v. Buckler Automatic Lawn Sprinkler*, 738 N.W.2d 664, 680 (Mich. 2007) (eliminating the common-law discovery rule).

[12] *Id.* at 676-77; *see also Coran v. Century Title Agency, L.L.C.,* No. 293540, 2010 WL 4679498, at *2 (Mich. Ct. App. Nov. 18, 2010) (noting that the Michigan Supreme Court explicitly held that *Trentadue* was to have retroactive effect).

[13] *McDonald v. Farm Bureau Ins. Co.*, 747 N.W.2d 811, 819 (Mich. 2008); *see also Chandler v. Wackenhut Corp.*, 465 F. App'x 425, 431 (6th Cir. 2012) ("Michigan courts have applied equitable estoppel as a way past the statute-of-limitations defense, but not in cases involving fraudulent concealment. Instead, the courts have applied the doctrine in the statute-of-limitations context only to cases involving a defendant who led the plaintiff to believe that the limitations period would not be enforced.").

be enforced, the Court will not estop GSK from asserting the statute of limitations defense. Moreover, this Court has concluded that "a reasonable person who knew that he or she had suffered cardiovascular injury and had taken Avandia would have been put on notice by the end of 2007 of the need to investigate a possible link between Avandia and the injury."[14]  Thus, Poksaf, who knew that he had suffered a heart-related injury in June 2007 after taking Avandia, would have been on notice to investigate the possible link between his injury and his Avandia use long before the statute of limitations expired.  Accordingly, the Court will not estop GSK from asserting the statute of limitations as an affirmative defense.

### IV.   Conclusion

For the reasons discussed above, GSK's motion for summary judgment will be granted with respect to all claims.  An appropriate Order follows.

---

[14] *Faheem*, 2012 WL 3205620, at *4 ("The issue of whether GSK should have disclosed more information or disclosed it sooner does not affect what information became available in 2007.").

5